## WHEAT v. LOWE.

1. In an action of trespass for biting and bruising the plaintiff's finger, so that it became necessary to amputate it, it is not permissible to prove that the plaintiff was a man of drunken and dissipated habits about and after the time of the alledged trespass; so as to lay a predicate for the jury to infer, whether the loss of the finger did not result from a condition of the system, superinduced by intemperance.

Writ of error to the County Court of Sumter.

THIS was an action of trespass, assault and battery, at the the suit of the defendant against the plaintiff in error. Among other injuries to the plaintiff's person, the declaration alledges the biting, bruising, &c. of his finger by the defendant. The cause was submitted to a jury, but on what issue the record does not inform us. From a bill of exceptions sealed at the instance of the defendant, it appears that at the time alledged in the declaration a fight took place between the plaintiff and defendant; that during the rencounter the defendant bit the finger of the plaintiff, so that it became necessary to amputate it. Whereupon the former inquired of a witness of the latter, if the plaintiff was not a man of drunken and dissipated habits about and after the time of the alledged trespass; which interrogatory being objected to by the plaintiff, the defendant explained the object he had in view in making the inquiry, viz: to put the jury in possession of the fact, that they might infer whether the loss of the plaintiff's finger did not result from a state of health superinduced by intemperate habits. The Court sustained the objection and adjudged the evidence sought to be elicited, inadmissible.

The jury assessed the plaintiff's damages at six hundred dollars, and a judgment was rendered accordingly.

S. W. INGE, for the plaintiff in error, insisted that the evidence was clearly competent in mitigation of damages. The explanation given of the object proposed by it, was enough to show its relevancy. He cited Smith v. The Branch Bank at Mobile, and Cuthbert v. Newell, both decided at this term.

R. H. SMITH, for the defendant in error. If the question proposed and excluded had been answered affirmatively, it could have had no influence in enabling the jury to assess the damages. The testimony sought to be elicited was too general to have led to any definite result; and it was not allowable to prove by a physician the effect of intemperance upon the human system in a case like the present. [2 Phil. Ev. 428, 434-'5; Brindle, et al. v. McIlvaine, Sergt. & R. Rep. 282.]

COLLIER, C. J.—That it is competent for the defendant in an action of trespass, to adduce evidence to mitigate the damages, is an acknowledged principle. The admission of such proof like all other, that may be offered to a jury, is controlled by settled rules, calculated to achieve equal justice between litigants. Thus it is competent for a defendant to reduce the recovery against him, by showing, that he acted under a sudden provocation not amounting to a justification, and many other facts of a kindred character. But the intemperate habits of a plaintiff in an action for an assault and battery, can have no influence upon the assessment of damages against the defendant, without connecting such proof with something else as a consequence. Here no evidence was offered, either to palliate or excuse the trespass with which the defendant was charged; but it was attempted to elicit facts as a predicate, from which to infer, that a consequence of the battery may have resulted from the plaintiff's bad habits. Conceding that the amputation of the plaintiff's finger might have been prevented if he had conformed to the proper regimen, yet his imprudence cannot make the defendant less guilty in point of fact. It is not intimated that after the rencounter, the plaintiff became more irregular; the explanation of the inquiry supposes that he was then intemperate and continued so. Certainly it is the moral duty of every man who lives in the indulgence of any vice to reform his life, and of none more than the habitually intemperate. But the law cannot permit a man's habits, to determine the value of any member of his body.

If the plaintiff, either designedly or from mere carelessness, so treated the wound as to render amputation necessary, perhaps the jury should not estimate its loss in admeasuring

damages; but if there was no change of habit for the worse, between the time of the fight and the loss of the finger, we think it may be considered as a direct consequence of the trespass and compensated by the jury. If the injury had not been inflicted, the loss would not have followed. The plaintiff was not bound to change his mode of life in order that the defendant could repair the trespass by a smaller amount in damages. It was enough for the former to be the loser by his intemperance, the latter cannot be gainer.

We think the evidence was properly excluded, and the judgment is therefore affirmed.